# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TEANNIA BICKLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18-cv-366-SNLJ |
| DIVISION OF FAMILY SERVICES, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Teannia Bickley for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action alleging that her rights are being violated by defendants Division of Family Services (also "DFS"), Michelle Stratter, Galona Johnson, and Tammy Martin. Based upon the allegations in the complaint, it is apparent that the individual defendants are DFS employees. In addition, while plaintiff does not specify the basis for bringing this action in this Court, the Court construes the complaint as having been brought pursuant to 42 U.S.C. § 1983.

According to the complaint, plaintiff's three children have been in DFS custody for approximately eighteen months, even though plaintiff has been following DFS rules. Defendant Johnson has been working against plaintiff, in that she questioned plaintiff's daughter about

where she was living and where she was going to school, and in fact went to her school and took her into DFS custody. Defendants Stratter and Martin would not give her information. Plaintiff complains that she is permitted visits with only two of her children, and she believes that DFS is trying to keep her children and is treating her disrespectfully even though she is cooperating. Plaintiff also complains that "they" are taking her money and stating that "they" have not received payment, even though part of her salary is being taken from her check every two weeks. (Docket No. 1 at 4).

As relief, plaintiff asks this Court to pay her an unspecified amount of money for the pain and suffering DFS has caused her and her children, and to return the money that "they" have taken in child support. *Id.* at 5. Plaintiff also asks this Court to return her children to her. *Id.*

## Discussion

"The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*.

In the case at bar, plaintiff is asking this Court to determine that the defendants committed wrongdoing in connection with state child custody proceedings, give her monetary relief, and enter an order changing the children's custody status. There can be no question that child custody is the subject of the action at bar. This Court concludes that the domestic relations exception divests it of subject matter jurisdiction over this action, and will therefore dismiss it,

3

without prejudice. *See id.*; *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer).

Alternately, the Court notes that plaintiff cannot bring a § 1983 action against the Division of Family Services because it is an arm of the state, and is not a "person" for purposes of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In addition, to the extent plaintiff can be understood to claim that Stratter, Johnson and Martin are DFS employees, the complaint fails to specify whether they are being sued in an official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The Court must therefore construe the complaint as against the governmental entity that employs these individuals, which in this case is the State of Missouri. *Will*, 491 U.S. at 71 (naming an official in her official capacity is the equivalent of naming the entity that employs him); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered herewith.

Dated this 4th day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE